UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOANN FREDERICKA DINGLE,

       Plaintiff,

v.                                                        CASE NO. 3:18-cv-375-J-34JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

       Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying her application for Supplemental Security Income. In a decision dated February 16, 2017, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time from February 7, 2014, the date the application was filed, through the date of decision. (Tr. 144–54.) Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

   **I.   Issue on Appeal**

Plaintiff makes the following argument on appeal: "The ALJ failed to properly assess Plaintiff's symptoms and the impact of those symptoms on Plaintiff's [residual functional capacity ("RFC")]. (Doc. 13 at 6.)

   **II.   Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

   **III.   Analysis**

Plaintiff summarizes her argument as follows:

> In the instant case, while ALJ Collins recited the appropriate standard for evaluating Ms. Dingle's symptoms, a review of her analysis reveals that she failed to consider a number of relevant factors. More

2

> specifically, ALJ Collins failed to properly consider the reported frequency of Ms. Dingle's COPD exacerbations and the prescribed treatment for Ms. Dingle's COPD, which included albuterol sulfate administered through a nebulizer. (Tr. 418, 930-931, 936). These factors are important due to their impact on Ms. Dingle's RFC, and they should have been taken into account.

(Doc. 13 at 8.)

The ALJ found that Plaintiff's "emphysema/chronic obstructive pulmonary disease (COPD)" was a severe impairment. (Tr. 146.) As part of the RFC assessment, the ALJ found that Plaintiff "must avoid concentrated exposure to pulmonary irritants." (Tr. 149.) The ALJ noted Plaintiff's hearing testimony that she needed to go to the hospital two to three times a month because she could not breathe. (Tr. 150, 418.) The ALJ also noted Plaintiff's testimony that Plaintiff "uses an oxygen mask and inhalers." (Tr. 150, 423.) However, the ALJ found that Plaintiff's statements regarding her symptoms were not entirely consistent with the medical and other evidence. (Tr. 150.) The ALJ stated:

> With regard to her emphysema/COPD, the record confirms the presence of this condition but does not establish that it is experienced at a level of intensity and/or frequency that would preclude the performance of all work. The evidence does not demonstrate that she requires hospitalization or other emergency treatment as a result of regular exacerbations of this condition, and it appears to be largely controlled and stable with the use of medications and inhalers. Taken as a whole, her impairments are not shown to be productive of a level of functional limitation that precludes the performance of all basic work activities, as is required for a finding of disability. It is noted that the claimant continues to smoke which likely exacerbates her breathing symptoms despite medical recommendations for smoking cessation.

3

(Tr. 152.)

"If the ALJ decides not to credit a claimant's testimony about her symptoms, the ALJ 'must articulate explicit and adequate reasons for doing so.'" *McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886, 893 (11th Cir. 2014)[2] (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."[3] *Foote*, 67 F.3d at 1562.

The undersigned recommends that substantial evidence supports the aforementioned findings and that Plaintiff's arguments be rejected. Plaintiff challenges the ALJ's finding that she did not require regular hospitalizations or other emergency treatment as a result of her COPD. (Doc. 13 at 9.) In support of this argument, Plaintiff asserts "that she was admitted at a hospital with differential diagnoses that included COPD exacerbation on seven different occasions between May 2016 and November 2017." (*Id.* at 5.) However, as Defendant argues, five of these occasions were outside the relevant time period because they

---

[2] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

[3] "SSR 16-3p rescinded SSR 96-7p, which provided guidance on how to evaluate the credibility of a claimant's statements about subjective symptoms like pain. The new ruling eliminated the use of the term 'credibility' . . . [and] explains that adjudicators will consider whether the 'individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.'" *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018) (citations omitted).

occurred after the date of the ALJ's decision on February 16, 2017.  (Doc. 16 at 5.)  Therefore, only two are relevant to this appeal.[4]  One emergency visit was on February 13, 2016, and the other was on May 6, 2016.  (Tr. 976–85, 1202–05.)  Even assuming both of these visits concerned primarily Plaintiff's COPD, and not her multiple other complaints, this number of visits in the approximate three-year period at issue supports, rather than undermines, the ALJ's finding that Plaintiff did not require regular hospitalizations or emergency treatment as a result of exacerbations of her COPD.  Thus, the undersigned recommends that this argument be rejected.

Plaintiff also argues that the ALJ failed to consider Plaintiff's prescription for albuterol sulfate administered through a nebulizer.  (Doc. 13 at 8–11.)  She implies that she would have had to use the nebulizer during the workday.  (*Id.* at 10–11.)  However, as Defendant argues, the record reflects only one thirty-day prescription for albuterol sulfate during the relevant time period at issue, which was dispensed on May 19, 2015.  (Tr. 930, 934, 944, 949, 954.)[5]  Moreover, it appears that the albuterol sulfate was to be taken only as needed.  (Tr. 937 ("Understands the use of Albuterol prn"), 952 ("Reviewed how to take albuterol PRN wheezing, and Q-Var daily as a controller medication")).  In addition, although one record entry dated

---

[4] The Appeals Council noted that if Plaintiff wanted to be considered for disability after February 16, 2017, she needed to apply again.  (Tr. 2.)

[5] The record shows another thirty-day prescription on February 3, 2015 for ipratropium-albuterol by nebulizer.  (Tr. 931, 935, 945, 950, 954.)  However, this additional thirty-day prescription does not change the undersigned's analysis or recommendation.

December 15, 2015 indicated that Plaintiff used the nebulizer at home, another record entry dated February 13, 2016 indicated that Plaintiff did not have a nebulizer at home.  (Tr. 936, 1202.)

In support of her argument, Plaintiff again relies on a record outside of the time period at issue.  (Doc. 13 at 11.)  This record shows that albuterol sulfate through a nebulizer was prescribed on April 18, 2017.  (Tr. 170.)  This record does not show, however, that Plaintiff's albuterol sulfate prescription was ever renewed again during the time period at issue.  Thus, a reasonable inference from the record is that the thirty-day prescription dispensed on May 19, 2015 lasted for the entire time period up to February 16, 2017.  For the foregoing reasons, the undersigned recommends that the ALJ did not err in failing to account for the use of a nebulizer in the RFC assessment.

## IV.    Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence.  Applying this standard of review, the undersigned respectfully recommends that the ALJ's decision be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 5, 2018.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record